# IN THE UNITED STATES DISTRICT COURT

JOE MARK MCHANEY,

       Plaintiff,

v.                                                                                 No. 1:19-mc-00027-RB

BANK OF AMERICA, N.A., NATIONSTAR
MORTGAGE LLC, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Confirm Arbitration Award, filed November 13, 2019. (Doc. 1.)

Plaintiff asserts that he was issued an arbitration award granting him monetary relief in the amount of $9,385,041.87 and asks the Court to confirm the award pursuant to Federal Arbitration Act ("FAA"), which provides in part:

> *If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration*, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty

to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

The Court denies Plaintiff's motion to confirm the arbitration award because Plaintiff has not shown that the Court has jurisdiction over this matter. Plaintiff has not filed a copy of the arbitration agreement between the Parties. "Section 9 [of the FAA] conditions applicability of the FAA's summary confirmation process on whether 'the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration[,]'" and "there is no federal court jurisdiction to confirm under the FAA where such jurisdiction has not been made a part of the arbitration agreement." *Okla. City Assoc. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793–95 (10th Cir. 1991) (concluding that the party seeking confirmation of arbitration award "failed to point out any language in the arbitration clause that either explicitly or implicitly demonstrates an intent of the parties to have judgment entered on an arbitration award"; thus the party had "not fulfilled the jurisdictional requirements of § 9 of the [FAA]" and the court did not have "jurisdiction to confirm [the] award").

**IT IS ORDERED** that Plaintiff's Motion to Confirm Arbitration Award (Doc. 1) is **DENIED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE